UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORIO TORRES-QUINTERO,<br>a/k/a NARCISO MONTES-PAYAN<br><br>Defendant. | NO. CR-05-2114-RHW<br><br>**ORDER DISMISSING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Before the Court is Defendant's Petition to Vacate, Set Aside, or Correct his Sentence in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 62). Petitioner, acting *pro se*, is currently located at Three Rivers, Texas Federal Correctional Institution. Petitioner pled guilty to being an Alien in the United States after Deportation, in violation of 8 U.S.C. § 1326 (Ct. Rec. 31), and on March 28, 2006, was sentenced to 88 months of incarceration, 3 years supervised release, and a $100 special penalty assessment (Ct. Rec. 45). Petitioner appealed this Court's sentencing; the Ninth Circuit issued a slip opinion upholding the sentencing on October 17, 2006 (Ct. Rec. 61). Defendant filed this petition on November 15, 2007, raising a single issue: whether Petitioner was denied effective assistance of counsel because of counsel's alleged failure to ask for a lower sentence of 48 months during the sentence hearing (Ct. Rec. 62).

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set

aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack.  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court must dismiss the petition "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Also in accordance with Rule 4(b), should Petitioner satisfy this standard, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  A petition under § 2255 for denial of effective assistance of counsel is considered a collateral attack.  *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 676 (1984).

**A.    Timeliness**

Petitions filed under § 2255 have a one-year period of limitation.  28 U.S.C. § 2255(f) (2008).  The limitation period runs from the latest of: (1) the date on which the judgment of the conviction becomes final; (2) the date on which the motion is removed, if the movant was prevented from making a motion by governmental action; (3) the date on which the right asserted is recognized by the Supreme Court, if such right is retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through due diligence.  28 U.S.C. § 2255(f).  The Supreme Court has explained that a final judgment, "mean[s] a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)); *see also United States v. Garcia*, 210 F.3d 1058, 1060-61 (9th Cir. 2000).  Petitioner's motion under § 2255 is timely because it was filed within one year of the closing of the statute of limitations.

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** \* 2

**2) Denial of Effective Assistance of Counsel**

Generally, a petitioner claiming denial of effective assistance of counsel must show two components: (1) that counsel's performance was so deficient that counsel was not functioning as "counsel" under the Sixth Amendment; and (2) that the result of counsel's errors prejudiced the defense so as to deprive a petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Otherwise stated, the ineffectiveness of Petitioner's counsel "must fall below an objective standard of reasonableness." *Id.* at 688. However, even though both elements are required to be affirmatively proven by Petitioner, the order in which they are considered is irrelevant; an inquiry into such a claim may cease if a petitioner "makes an insufficient showing on one" component or the other. *Id.* at 697.

The presence of adequate counsel is constitutionally required at sentencing hearings and every other "stage of a criminal proceeding where substantial rights . . . may be affected." *United States v. Leonti*, 326 F.3d 1111, 1116-17 (9th Cir. 2003) (citing *Mempa v. Rhay*, 389 U.S. 128, 134 (1967)). This Court's scrutiny of the performance of Petitioner's counsel at Petitioner's sentencing hearing must be highly deferential. *Strickland*, 466 U.S. at 689. Additionally, a petitioner's claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

In applying the first prong of the *Strickland* standard—effectiveness of counsel—the habeas court must first turn to the facts. *Id.* at 686-87. Petitioner asserts that he was denied effective assistance of counsel at his sentencing hearing because his counsel failed to ask the Court for a reduced sentence of 48 months (Ct. Rec. 62, at 5). The available record directly and plainly rebuts Petitioner's contentions. Defense counsel, during the sentencing hearing held on March 28, 2006, raised the argument in favor of a 48 month sentence no less than five times throughout his discussion of the appropriate sentence (Ct. Rec. 57).

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** \* 3

Defense counsel's initial argument in favor of a 48 month sentence appears as follows:

> "In this case, we'd argue that after considering all of the 3553(a) factors, a sentence of 48 months is sufficient but not greater than necessary to satisfy the goals and purposes in this case for Mr.Torres-Quintero."

*Id.* at 9. Counsel continued his argument by later stating:

> "Reflect the seriousness of the offense, promote respect for the law and provide a just punishment. A 48-month sentence would satisfy each of those goals, because it would take into and reflect the mitigating factors in his case. . . . I think a 48-month sentence for the offense of illegal reentry . . . would deter him."

*Id.* at 10. Defense counsel reasserted his position in his closing argument:

> "We would argue under all the 3553(a) factors, a sentence of 48 months is sufficient but not greater than necessary to satisfy the goals and purposes of sentencing. *We would ask the court to sentence Mr. Torres-Quintero to not more than 48 months*."

*Id.* at 13 (emphasis added).

Although omissions at sentencing can fall below the *Strickland* reasonableness standard, *see, e.g.*, *Riggs v. Fairman*, 399 F.3d 1179, 1183 (9th Cir. 2005) (finding egregious omissions by defendant's counsel in a § 2254 petition), there are no omissions here. The record plainly and explicitly verifies that Petitioner's counsel requested a sentence of 48 months.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Modify and Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (Ct. Rec. 62) is **DISMISSED** pursuant to Rule 4(b), Rules-Section 2255 Proceedings.

**IT IS SO ORDERED.** The District Court Executive is directed to enter the order, to provide copies to Defendant, and **close the file.**

**DATED** this 7th day of August, 2008.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2005\Montes-Payan\Torres Quintero.2255.order.wpd

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** * 4